UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
|
FREDERICK BROWN,                                                 |
                                                                 | Case No.: 12-CV-6110 (HB)
                           Plaintiff,                            |
                                                                 |
         vs.                                                     |
                                                                 |
CROWDTWIST, INC.,                                                |
                                                                 |
                           Defendant.                            |
                                                                 |
                                                                 |
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OR
TESTIMONY REGARDING DEFENDANT'S ACCESS TO PLAINTIFF'S EMAIL
ACCOUNT**

**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANT
**CROWDTWIST, INC.**
90 BROAD STREET, 23ʳᴰ FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX:   (212) 269.5505

**PRELIMINARY STATEMENT**

CrowdTwist respectfully submits this memorandum of law in support of its motion *in limine* to preclude Plaintiff from introducing any evidence or testimony pertaining to his short-lived allegations about CrowdTwist's post-separation access to Plaintiff's "personal email" and/or LinkedIn profile. Not only are such allegations inflammatory and completely irrelevant to the issues in this case, but they were explicitly withdrawn by Plaintiff via correspondence to this Court. Accordingly, CrowdTwist respectfully requests that this Court grant its motion in limine barring Plaintiff from introducing evidence or testimony at trial pertaining to such withdrawn allegations and/or claims.

**PERTINENT FACTS**

On November 5, 2013, Plaintiff filed a pre-motion conference letter with the Court requesting leave to file an amended complaint against CrowdTwist, asserting additional claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., and the New York P.L. 156.10 and 156.30, as well as common law tort claims for conversion and trespass. (Ex. H.[1])

Plaintiff's request to add such claims arose out of CrowdTwist's production of communications, which were contained on a CrowdTwist-owned iPad, to Plaintiff as part of electronic document discovery in this matter. Essentially, Plaintiff asserted that by accessing and then producing certain documents to Plaintiff in this litigation, CrowdTwist committed the above-referenced criminal and civil violations. (Id.)  However, following his receipt of CrowdTwist's opposition to this 11th hour request and attendance at a pre-motion conference before The Hon. Harold Baer, U.S.D.J., Plaintiff elected not to pursue these allegations any further. Accordingly, on November 19, 2013, Plaintiff's counsel sent written correspondence to

---

[1] All exhibits referenced herein are attached to the declaration of Mercedes Colwin dated April 16, 2014, and shall be referred to as "Ex. __".

1

the Court and defense counsel explicitly withdrawing Plaintiff's request to file an amended complaint adding such claims / allegations, and proposing that the parties proceed under the previously-entered Scheduling Order. (Ex. I.)  Based upon the fact that Plaintiff expressly withdrew these allegations, discovery closed as scheduled and the parties proceeded with dispositive motion practice in accordance with the dates set forth in the Court's September 20, 2013 Scheduling Order.

Accordingly, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Plaintiff from introducing any evidence or testimony at trial regarding any of the claims and/or allegations that were set forth in his November 5, 2013 pre-motion conference letter, but subsequently withdrawn via written correspondence to the Court.

### ARGUMENT

**PLAINTIFF'S ALLEGATIONS REGARDING CROWDTWIST'S ALLEGED POST-SEPERATION ACCESS TO HIS PERSONAL EMAIL AND/OR LINKEDIN CANNOT BE ADMITTED UNDER RULE 402 OR 403, BECAUSE THOSE ALLEGATIONS PERTAIN EXCLUSIVELY TO CLAIMS THAT HAVE BEEN WITHDRAWN AND ARE NOT RELEVANT TO ANY OF THE ISSUES AT TRIAL**

Rule 402 of the Federal Rules of Evidence prohibits the admission of evidence that is not "relevant" to one or more of the issues in dispute.  Fed. R. Evid. 402. Additionally, Rule 403 provides that even if evidence is "relevant" in the legal sense, exclusion may still be appropriate where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  See, Fed. R. Evid. 403; Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997).

With these principles in mind, it is well-settled that a plaintiff cannot attempt to admit evidence or elicit testimony at trial regarding claims or allegations that have already been withdrawn or dismissed from the case.  See e.g., Paone v. Microsoft Corp., Case No. 07-CV-

2973 (ADS), 2013 U.S. Dist. LEXIS 112705, at *14 (E.D.N.Y. Aug. 9, 2013) (granting "motion in limine to exclude evidence or testimony concerning unasserted, dismissed, or cancelled claims"); Griffin v. City of New York, Case No. 03 Civ. 0174 (LAK), 2003 U.S. Dist. LEXIS 18197, at *1 (S.D.N.Y. Oct. 14, 2003)(granting defendant's in limine motion precluding plaintiff from calling witnesses or admitting evidence pertaining to claims that were previously dismissed); Jones v. N.Y. City Health & Hosp. Corp., Case No. 00 Civ. 7002 (CBM), 2003 U.S. Dist. LEXIS 9014, at *2 (S.D.N.Y. May 29, 2003)(same).

In this case, the same result is warranted. On November 19, 2013, Plaintiff voluntarily withdrew his request to file an amended complaint asserting new allegations and claims revolving around CrowdTwist's allegedly-unauthorized access to his personal email and LinkedIn profile following his separation of employment. (Ex. I.) As such, Plaintiff should not be permitted to resurrect these allegations and/or claims at trial by presenting evidence or testimony regarding CrowdTwist's post-employment access to his email account or LinkedIn profile. The sole claim that is proceeding to trial in this matter is an age discrimination claim under the NYCHRL. Stated simply, any evidence or testimony regarding CrowdTwist's access to and/or production communications stored a CrowdTwist-owned iPad as part of electronic discovery in this matter would have absolutely zero relevancy to any of the issues in this case, and only serve to confuse and/or mislead the jury as to the actual scope of this litigation.

Accordingly, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Plaintiff from introducing any evidence or testimony at trial regarding any of the claims and/or allegations that were set forth in his November 5, 2013 pre-motion conference letter, but subsequently withdrawn via separate correspondence to the Court.

**CONCLUSION**

For the foregoing reasons, CrowdTwist respectfully requests that this Court grant its motion *in limine*, precluding Plaintiff from introducing any evidence or testimony at trial regarding any of the claims and/or allegations that were set forth in his November 5, 2013 pre-motion conference letter, but subsequently withdrawn via separate correspondence to the Court.

Dated: New York, New York
       April 16, 2014

                                      Respectfully submitted,

                                      GORDON & REES LLP

                          By:   *Mercedes Colwin*
                                      Mercedes Colwin (MC 3862)
                                      Kuuku Minnah-Donkoh (KMD 1530)
                                      Vincent M. Avery (VA 9102)
                                      90 Broad Street, 23rd Floor
                                      New York, NY  10004
                                      (212) 269-5500
                                      *Attorneys for Defendant CrowdTwist, Inc.*