UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
|
FREDERICK BROWN,                                               |
                                                               | Case No.: 12-CV-6110 (HB)
                        Plaintiff,                             |
                                                               |
        vs.                                                    |
                                                               |
CROWDTWIST, INC.,                                              |
                                                               |
                        Defendant.                             |
                                                               |
                                                               |
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OR
TESTIMONY REGARDING NON-DISCRIMINATORY COMMENTS MADE BY
IRVING FAIN**

**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANT
**CROWDTWIST, INC.**
90 BROAD STREET, 23^(RD) FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX:  (212) 269.5505

**PRELIMINARY STATEMENT**

CrowdTwist respectfully submits this memorandum of law in support of its motion *in limine* to preclude Plaintiff from introducing any evidence or testimony regarding comments that were allegedly made by CrowdTwist's Chief Executive Officer ("CEO"), Irving Fain ("Fain"), about Plaintiff's "outdated email address." As a matter of settled law, such comments are not relevant to Plaintiff's age discrimination claim under the NYCHRL (which Plaintiff express conceded in opposition to CrowdTwist's summary judgment motion), are highly prejudicial, and create an unnecessary risk of confusing or misleading the jury. Consequently, CrowdTwist respectfully requests that this Court grant its motion in limine barring Plaintiff from introducing such evidence or testimony at trial pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

**PERTINENT FACTS**

Throughout the course of discovery, Plaintiff only identified one comment allegedly made by Fain, which he initially argued evidenced a discriminatory animus against older workers. Specifically, in the Complaint, Plaintiff initially alleged that on his first day of work with CrowdTwist, Fain made a joke in front of the entire office about Plaintiff's outdated sbcglobal.net email address, remarking that that he did not know anyone still alive with that email address. (Ex. A,[1] Compl. at ¶ 13.) Although Plaintiff alleges in the Complaint that this particular comment was age-based, he quickly retracted this allegation once confronted with the settled law in this area via CrowdTwist's motion for summary judgment. Indeed, in his opposition to CrowdTwist's summary judgment motion, Plaintiff explicitly acknowledged that Fain's email-related comment could not be construed as discriminatory and, thus, has zero

---

[1] All exhibits referenced herein are attached to the declaration of Mercedes Colwin dated April 16, 2014, and shall be referred to as "Ex. __".

1

probative value to the issues in this case.  (See, Plaintiff's Memorandum of Law in Opposition to CrowdTwist's Motion for Summary Judgment ("Pl. Opp.") at p. 17.)  Aside from a single reference to Plaintiff's email as being "outdated," Plaintiff has not alleged that Fain has made any other statements, comments and/or jokes that Plaintiff believes pertain, directly or indirectly, to his age, during the time period within which Plaintiff was an employee of CrowdTwist.  (See, Ex. A, Compl. at ¶¶ 1-50; see also, Ex. D, Pl. Dep. Tr. at 234:24-237:3.)

Accordingly, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Plaintiff from introducing any evidence or testimony at trial regarding Fain's comment about Plaintiff's "outdated email address."

## ARGUMENT

### FAIN'S ALLEGED COMMENT REGARDING PLAINTIFF'S EMAIL ADDRESS IN IRRELEVANT, HIGHLY PREJUDICIAL AND LIKELY TO CAUSE CONFUSION AND/OR MISLEAD THE JURY

Rule 402 of the Federal Rules of Evidence prohibits the admission of evidence that is not "relevant" to one or more of the issues in dispute. Fed. R. Evid. 402. Additionally, Rule 403 provides that even if evidence is "relevant" in the legal sense, exclusion may still be appropriate where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  See, Fed. R. Evid. 403; Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997).

In the employment discrimination context, it is well-settled that "stray remarks" by a decision-maker do not constitute evidence of a discriminatory motive and are, therefore, irrelevant in such cases. See, Gioia v. Forbes Media LLC, 501 Fed. Appx. 52, 55 (2d Cir. 2012); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001); Danzer v. Norden Systems, Inc., 151 F.3d 50, 56 (2d Cir. 1998).  Rather, "[o]nly where 'other indicia of

2

discrimination are properly presented, the remarks can no longer be deemed 'stray,' and the jury has a right to conclude that they bear a more ominous significance.'" Gioia, 501 Fed. Appx. at 55 (citations omitted). In order to determine whether a particular comment can be deemed relevant to a discrimination claim, the Second Circuit has identified "four non-dispositive factors [that should be] considered in deciding what weight to accord isolated remarks suggestive of discriminatory bias: '(1) who made the remark (*i.e.*, a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (*i.e.*, whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (*i.e.*, whether it was related to the decision-making process).'" Fried v. LVI Servs., Inc., 500 Fed. Appx. 39, 41 (2d Cir. 2012) (quoting Henry v. Wyeth Pharmaceuticals, 616 F.3d 134 (2d Cir. 2010)).

In this case, Plaintiff explicitly conceded in his opposition to CrowdTwist's summary judgment motion that Fain did not make any comments that could be construed as discriminatory under the above-referenced caselaw. (See, Pl. Opp. at 17.) The reason for this concession is obvious: the sole "discriminatory" comment allegedly made by Fain (*i.e.,* that he did not know anyone alive with a sbcglobal.net email address) was a joke that had absolutely nothing to do with Plaintiff's age; it has to do with his use of an email address from an outdated domain. (Id.) Stated simply, there is no logical basis to believe that a 43 year old individual would be any more likely to utilize such an email address than an individual 35 years of age. As such, there is no reason to infer that Fain was making a derogatory remark about Plaintiff's age when he made this joke during Plaintiff's pre-employment interview or on his first day of work. On this basis alone, this comment should be excluded from consideration. See, Fried, 500 Fed. Appx. at 41 (a

comment can only be considered in the context of the fourth element of the *prima facie* case where the its content is such that a "reasonable juror could view the remark as discriminatory").

Moreover, even if this Court were to somehow find that Fain's alleged joke about Plaintiff's email address could be reasonably interpreted as a joke about his age, that joke would still be entirely irrelevant to Plaintiff's age discrimination claim in this case, since the joke were made long before Plaintiff's termination decision, in an entirely different context all together. See, e.g., Fried, 500 Fed. Appx. at 41 (noting that a comment will only be relevant to the fourth element of a plaintiff's *prima facie* case "when the remark was made in relation to the employment decision at issue… [and] was related to the decision-making process"); see also, Smith v. Revival Home Health Care, Inc., No. 97 CV 4415, 2000 U.S. Dist. LEXIS 4105, at *4 (E.D.N.Y. Mar. 28, 2000) ("Statements made long before and not in the context of the adverse action cannot support a claim of discriminatory motive for that action").

Under these circumstances and based upon Plaintiff's own concession in opposition to CrowdTwist's motion for summary judgment, it is clear that any evidence or testimony regarding Fain's alleged email-related comment would be completely irrelevant, and thus inadmissible under Rule 402.  Additionally, even if such evidence were relevant to some peripheral issue in this case, its probative value is substantially outweighed by the risk of jury confusion and unfair prejudice to CrowdTwist, thereby warranting exclusion under Rule 403.

Accordingly, CrowdTwist respectfully requests that this Court grant its motion *in limine*, precluding Plaintiff from introducing evidence or testimony at trial regarding Fain's comment about Plaintiff's sbcglobal.net email address.

**CONCLUSION**

For the foregoing reasons, CrowdTwist respectfully requests that this Court grant its motion *in limine*, precluding Plaintiff from introducing any evidence or testimony at trial regarding any comments or jokes by Fain regarding Plaintiff's sbcglobal.net email address.

Dated: New York, New York
April 16, 2014

Respectfully submitted,

GORDON & REES LLP

By: *Mercedes Colwin*
Mercedes Colwin (MC 3862)
Kuuku Minnah-Donkoh (KMD 1530)
Vincent M. Avery (VA 9102)
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500
*Attorneys for Defendant CrowdTwist, Inc.*