UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
|
FREDERICK BROWN,                                                |
                                                                |    Case No.: 12-CV-6110 (HB)
                    Plaintiff,                                  |
                                                                |
        vs.                                                     |
                                                                |
CROWDTWIST, INC.,                                               |
                                                                |
                    Defendant.                                  |
                                                                |
                                                                |
----------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO PRECLUDE SHAY HARTING FROM TESTIFYING AT TRIAL**

---

**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANT
**CROWDTWIST, INC.**
90 BROAD STREET, 23RD FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX:  (212) 269.5505

**PRELIMINARY STATEMENT**

CrowdTwist respectfully submits this memorandum of law in support of its motion *in limine* to preclude Plaintiff from calling Shay Harting ("Harting") as a witness in this matter, since Harting has openly admitted that (a) he has no first hand knowledge regarding any of the events that took place during Plaintiff's employment with CrowdTwist, (b) all of his purported "knowledge" regarding this matter is based exclusively on information provided to him by the Plaintiff, and (c) at no point in time has he ever been employed by CrowdTwist in any capacity. Consequently, CrowdTwist respectfully requests that this Court grant its motion in limine barring Plaintiff from introducing such evidence or testimony at trial pursuant to Rule 602 of the Federal Rules of Evidence.

**PERTINENT FACTS**

At no point in time has Harting ever been an officer, employee or agent of CrowdTwist. (Ex. G,[1] Harting Dep. Tr. at 46:6-16, 51:2-52:2.) Rather, his relationship with CrowdTwist is derived exclusively from the fact that he is married to Olivia Montero Harting ("Mrs. Harting"), the sister of CrowdTwist co-founder Michael Montero ("Montero"), and had previously made two small investments in the company (*i.e.,* "less than half [a] percent, if not less than that") when it was first getting started. (Id. at 15:3-7, 19:23-20:22, 23:24-25:18, 46:6-16.)

In fact, since CrowdTwist was incorporated, Harting has only even visited the office on two occasions. (Id. at 46:21-23.) Although Harting was unable to recall the date of the first occasion, he was able to testify with certainty that it took place before Plaintiff was even hired by CrowdTwist. (Id. at 49:2-16.) As for the second office visit, Harting testified that he stopped by CrowdTwist's office at the end of the workday at some point around Christmas time in 2011 to

---

[1] All exhibits referenced herein are attached to the declaration of Mercedes Colwin dated April 16, 2014, and shall be referred to as "Ex. __".

1

meet Plaintiff and Montero to go out for dinner and drinks after work. (Id. at 49:18-50:15, 52:17-25.) In total, Harting remained on the premises during this second visit for no more than 15 to 20 minutes, during which he did not have any conversation(s) with any employee or officer of CrowdTwist besides "generally meeting them and being introduced and so forth[.]" (Id.)

For precisely this reason, when asked about the source of his knowledge regarding the facts at issue in this matter, Harting testified that, aside from a single conversation with Montero that took place after Plaintiff was terminated, *all* of the information he has regarding this matter is based solely on what he has been told by the Plaintiff. (Id. at 53:16-56:12.) Moreover, with respect to the one conversation that Harting had with Montero, Harting testified that:

> We did have a conversation about the termination, which Mike indicated that the evidence against [Plaintiff] for termination was very strong. He would not go into any detail about what it was, but he did say that the evidence against, I believe, the board's decision to let him go was very strong.

(Id. at 43:4-44:4.)

Accordingly, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Harting from testifying in this matter pursuant to Rule 602 of the Federal Rules of Evidence.

### ARGUMENT

### HARTING SHOULD BE PRECLUDED FROM TESTIFYING IN THIS CASE, BECAUSE HE DOES NOT HAVE PERSONAL KNOWLEDGE REGARDING ANY OF THE FACTS IN DISPUTE

Rule 602 of the Federal Rules of Evidence states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Without question, this Rule precludes a witness from testifying about matters that he did not personally observe, and which were learned second

hand through discussions with the very same party seeking to offer such testimony. See e.g., United States v. Evans, 484 F.2d 1178, 1181 (2d Cir. 1973).

In this case, Harting has acknowledged that he has no first hand knowledge of any of the events that took place during Plaintiff's employment with CrowdTwist. Rather, according to Harting, his knowledge regarding the facts of this case is based exclusively upon (a) a single conversation with Montero, in which Montero advised Harting that CrowdTwist's basis for terminating Plaintiff was strong, and (b) what Plaintiff told Harting during his employment with CrowdTwist, as well as subsequent to his termination. (Id. at 53:16-56:12.) Thus, it is undisputed that Harting did not personally observe any of the interactions between Plaintiff, Fain, Bowen and/or Montero that form the basis of Plaintiff's lawsuit, nor did he personally observe Plaintiff's work performance or even step foot inside the CrowdTwist office except for one occasion (during which he did not observe anything relevant to the issues in this case, according to his own sworn testimony). (See, Ex. G, Harting Dep. Tr. at 46:6-16, 51:2-52:2, 53:16-56:12.) In short, there is literally no basis for permitting Harting to testify in this matter, since he would simply be parroting what Plaintiff told him about his employment at CrowdTwist and the underlying events that form the basis of this litigation.

Consequently, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Harting from testifying in this matter pursuant to Fed. R. Evid. 602.

## **CONCLUSION**

For the foregoing reasons, CrowdTwist respectfully requests that this Court grant its motion *in limine* precluding Harting from testifying in this matter.

Dated: New York, New York
April 16, 2014

Respectfully submitted,

GORDON & REES LLP


By: *Mercedes Colwin*
Mercedes Colwin (MC 3862)
Kuuku Minnah-Donkoh (KMD 1530)
Vincent M. Avery (VA 9102)
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500
*Attorneys for Defendant CrowdTwist, Inc.*

4